W. A. CROWDER ET AL. *v.* THE STATE.

1. BAIL-BOND. — The time when and place where the principal obligor is bound to appear must be stated in a bail-bond; but the time is sufficiently specified by the term of the court, and the place by the name of the court and the county. Stipulation that he will on a certain day appear before "said examining court," without designating the magistrate, is not sufficient.

2. FORFEITURE cannot be taken on a bail-bond prior to the day stipulated for the appearance of the principal obligor.

APPEAL from the County Court of Delta. Tried below before the Hon. S. M. GRANT, County Judge.

*Hunter & Putman* and *E. B. Perkins,* for the appellants.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. The assistant attorney-general moves to dismiss the appeal in this case for the reason that the appeal-bond is defective in that it omits the necessary helping verb " be " in the last clause of the condition, to wit, " shall prosecute his appeal with effect, and perform the sentence, judgment, or decree of the Court of Appeals, in case the decision of said court shall against the appellant." This, most clearly, is a clerical omission, and might easily be accounted for by the fact that the omission is of a word

---

[1] CLARK, J., did not sit in this case.

coming between two, of which one is written at the bottom of one page and the other at the top of the next.　In this case, however, we are not left in doubt, or to intendment and inference solely, as in *Carroll* v. *The State*, 6 Texas, Ct. App. 463, cited in support of the motion ; because we have before us two transcripts sent up in this case, and by reference to the first we find the verb is properly set out in the bond.　The motion cannot prevail, and is therefore overruled.

Upon the merits we find two errors fatal to the judgment, both of which spring out of the conditions of the bond executed by the principal for his appearance.　The condition of the bond is, " that the said W. A. Crowder will make his personal appearance before said examining court on the 14th day of June, 1877, at 10 o'clock, and there remain from day to day until discharged by the court."

One of the requisites of a bail-bond is that " it state the time and place when and where the accused binds himself to appear, and the court before which he is to appear.　In stating the time, it is sufficient to specify the term of the court ; and in stating the place, it is sufficient to specify the name of the court and of the county."　Pasc. Dig., art. 2732, subd. 5.　Nowhere does the bond name the magistrate or justice of the peace who was holding the examining court in Precinct No. 1.　The magistrate who was holding the examining court, and before whom the obligor was bound to appear, should have been stated in the bond.

Another defect fatal to the validity of the judgment here appealed from, as shown by the record, is that the justice forfeited the bond on the thirteenth day of June, 1877, one day before the principal obligated himself by the stipulations of the bond that he would make his appearance.　By what authority the justice forfeited the obligation before the obligation was due does not appear, and could not be sustained if it did.

The two errors above were properly presented in the exceptions filed by appellant in the County Court, and that

court should have sustained them both, and have quashed the bond as to the first.

The judgment is reversed, and because the appearance-bond is fatally defective the cause is dismissed.

*Reversed and dismissed.*